UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X    NOT FOR PUBLICATION

AROBERT TONOGBANUA,

                      Plaintiff,                        **MEMORANDUM AND ORDER**

   -against-                                      17-CV-04936 (LDH) (LB)

AMERICAN INTERNATIONAL GROUP, INC.,

                      Defendant.
------------------------------------------------------------X
LaSHANN DeARCY HALL, United States District Judge:

Plaintiff Arobert Tonogbanua, then incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn,[1] filed this pro se complaint against his former employer, American International Group, Inc. ("AIG"), alleging wrongful termination. The Court grants Plaintiff's request to proceed *in forma pauperis* (*see* ECF. No. 4) solely for the purpose of this Order and dismisses the complaint as set forth below.

## BACKGROUND

Plaintiff, a disbarred lawyer,[2] alleges that he was employed by AIG "from approximately October 2012 until approximately May 2014," and that he was terminated from employment based on his "prior unrelated federal criminal case involving [his] unrelated prior employment with a law firm" in violation of New York Correction Law § 752 and New York Human Rights

---

[1] Plaintiff has been released from MDC to a residential reentry office in Philadelphia. *See* https://www.bop.gov/inmateloc (Plaintiff identified by register number 66441-050) (last visited 11/14/17).
[2] On March 4, 2014, Plaintiff pled guilty to one count of wire fraud before United States District Judge Noel L. Hillman of the United States District Court for the District of New Jersey. On May 5, 2016, Plaintiff was sentenced to twenty-four months imprisonment and three years of supervised release. *See U.S. v. Tonogbanua*, No. 1:14-cr-00098-NLH-1 (D.N.J.).

Law § 296. (Compl. ¶¶ 2, 20, 37, 44–45, 49–50, 53–54, 59–60, ECF No. 1.) Plaintiff seeks $2,100,000 in damages, plus legal fees, costs, and interest. (*Id.* ¶ 61.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In addition, a pro se complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and interpreted as raising the strongest arguments that it suggests, *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).[3]

Furthermore, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Additionally, if the Court "determines at any time

---

[3] The Court notes, however, that as a former attorney, Plaintiff may not be entitled to the same level of solicitude ordinarily afforded to a pro se litigant. *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[T]he degree of solicitude may be lessened where the particular pro se litigant is experienced in litigation and familiar with the procedural setting presented."); *Johnson v. MediSys Health Network*, No. 10-CV-1596, 2013 WL 1334420, at *1 n.1 (E.D.N.Y. Mar. 29, 2013) ("Although Johnson proceeds pro se, she is an attorney. Thus, she is not entitled to have her pleadings read with the degree of liberality given to non-attorney pro se plaintiffs.").

that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). Federal courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011); *U.S. v. Cotton*, 535 U.S. 625, 630 (2002). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (internal citation and quotation marks omitted); *Harrison v. New York*, 95 F.Supp. 293, 311 (E.D.N.Y. 2015).

The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, while § 1332 provides for diversity jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000). He invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the sum or value of $75,000. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (citing *Bell v. Hood*, 327 U.S. 678, 681–85 (1946)). A party invoking either federal question jurisdiction or diversity jurisdiction "bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (internal citation and quotation marks omitted).

Here, Plaintiff does not invoke either the Court's federal question or diversity jurisdiction. Rather, Plaintiff alleges the violation of two New York State laws. And, Plaintiff

and Defendant are both citizens of New York. Accordingly, Plaintiff has not met his burden to show that the Court has subject matter jurisdiction over his claims.[4]

## CONCLUSION

Accordingly, pursuant to Fed. R. Civ. P. 12(h)(3), the Court dismisses Plaintiff's complaint without prejudice for lack of subject matter jurisdiction. Plaintiff may pursue his state law claims in the appropriate state court. Further, the Court grants Plaintiff's request to proceed *in forma pauperis* for the limited purpose of this order; however, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. U.S.*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment and close this case.

Dated: Brooklyn, New York
      April 13, 2018

SO ORDERED:

  /s/LDH
L aSHANN D eARCY HALL
United States District Judge

---

[4] In addition, the Eastern District of New York is not the proper venue for this action. *See* 28 U.S.C. § 1391(b). Defendant AIG is located in New York County and a substantial part of the events giving rise to Plaintiff's claims occurred in New York County, which is in the Southern District of New York. There is no connection to any Defendants or events in the Eastern District of New York.